

May 13, 2019

**Via ECF**
Hon. Shelley C. Chapman
United States District Court
for the Southern District of New York
One Bowling Green, Room 623
New York, NY 10004

      Re:    Lehman Bros. Holdings, Inc. v. PMAC Lending Services, et al.
             (18-01842 (SCC)) – Request for Pre-Motion Conference

Dear Judge Chapman:

We represent Defendant PMC Bancorp ("PMC") in the above action and request a pre-motion conference pursuant to section 2.1 of the March 13, 2019 Amended Case Order ("CMO").

Under section 2.I of the CMO, any Defendant who has been served with an Additional Complaint, and who intends to file a motion under Federal Rule of Civil Procedure 12(b), must request a pre-motion conference describing the grounds for said motion. PMC has been served with Additional Complaints and is included in the list of such parties in Exhibit 4 to the CMO.

In 2010, Plaintiff Lehman Brothers Holdings, Inc. ("LBHI") commenced an action against PMC for breach of contract and indemnification with regard to PMC's alleged breach of a single loan servicing agreement ("LSA") between PMC and LBHI and/or its privies. LBHI obtained a judgment against PMC in 2013, which PMC paid in full.

Subsequently, in 2015, LBHI brought an action in the District Court for the Central District of California against PMC for contractual indemnity based upon the *same* alleged breaches of the *same* LSA forming the basis of the 2010 lawsuit. PMC moved to dismiss the allegations on the ground that the law of claim splitting and *res judicata* prohibited such duplicative litigation. While PMC's motion was pending and thus before it could be precluded from bringing its claims, LBHI voluntarily dismissed the California action. LBHI's dismissal came after a conference during which the California District Court judge questioned counsel for LBHI: "[I]f at the time of the 2010 action the same underlying agreement were deemed to have been breached, why couldn't you have had a judgment entered that would have applied to any transaction between the parties that was subject to that breach or seek to amend the judgment?" Reporter's Transcript of Proceedings, *Lehman Brothers Holdings, Inc. v. PMC Bancorp*, Jan. 25, 2016, at 41:2-8.

LBHI forum shopped (for which LBHI tacitly admitted in agreeing to pay a portion of PMC's attorneys' fees and costs under Rule 41) and went for a third bite at the apple in the current action, alleging the *same* breaches of the *same* LSA by PMC. Under laws against claim splitting and principles of *res judicata*, PMC intends to move to dismiss LBHI's current duplicative complaint against it.

11601 Wilshire Blvd., Suite 2080, Los Angeles, California 90025
tel. (310) 593-9890  fax (310) 593-9980

701 Palomar Airport Rd., Suite 300, Carlsbad, California 92011
tel. (619) 326-0611  fax (310) 593-9980

BNSKLAW.COM

**BROWN, NERI, SMITH & KHAN** LLP

May 13, 2019
Page 2

New York law prohibits a party from bringing a claim that was either already brought or could have been brought in a prior litigation. *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liability Litig.*, 209 F.R.D. 323, 339 (S.D.N.Y. 2002) ("Claim-splitting is generally prohibited by the doctrine of res judicata…"). In determining whether *res judicata* bars a claim, New York courts look to whether the claims in the current action arose out of the same factual grouping (transaction) as those in the prior litigation. *See Reilly*, 45 N.Y.2d 24, 29 (1978); *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981) ("[O]nce a claim is brought to a final conclusion all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy."). Under New York law, *res judicata* casts a wide net and bars even claims not made in the prior action, so long as they are related to those made and could have been made. *See Marinelli Assocs. v. Helmsley Noyes Co., Inc.*, 265 A.D.2d 1, 5 (1st Dept 2000) ("the doctrine bars … claims that could have been litigated, if they arose from the same transaction or series of transactions."

Here, LBHI alleges breaches of the *same* LSA subject to the 2010 action, whereby, as a result of the alleged misrepresentations by PMC in the LSA, LBHI's predecessor Lehman Brothers Bank ("LBB"), sold defective loans to RMBS Trustees. The doctrine of *res judicata* unequivocally bars LBHI's claims. *See O'Brien v. City of Syracuse*, 54 N.Y.2d at 357. LBHI brought an action—and recovered full judgment by PMC—with regard to the sale of loans based on representations made in the LSA. At that time, LBHI was more than capable of bringing its claims here, which also concern the sale of loans based on representations made in the LSA. The sale of loans to RMBS had occurred well before 2010. The sale of loans were based on the same LSA that was the subject of the 2010 action.

PMC is aware of this Court's October 31, 2018 opinion denying Universal America Mortgage Company, LLC's ("UAMC") motion to dismiss based on *res judicata*. However, here, PMC respectfully requests that this Court take into consideration that, unlike for UAMC, a full and final judgment was already entered against PMC in 2010, and that, for this reason, the District Court for the Central District of California was inclined to dismiss LBHI's subsequent identical allegations on the basis of *res judicata* before LBHI strategically eliminated that possibility.

Accordingly, PMC intends to file a motion to dismiss LBHI's claims against it and respectfully requests a pre-motion conference. This is the first request by PMC, and thus no prior pre-motion conference requests were either granted or denied.

Very truly yours,

Amjad M. Khan
of BROWN, NERI, SMITH & KHAN LLP

cc: Counsel of Record (via ECF)