Amjad M. Khan
amjad@bnsklaw.com
BROWN NERI SMITH & KHAN, LLP
11601 Wilshire Blvd., Ste. 2080
Los Angeles, CA 90025
T: (310) 593-9890
F: (310) 593-9980

Attorneys for Defendant
PMAC LENDING SERVICES, INC.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>   Debtors. | **Chapter 11**<br><br>**Case No. 08-13555 (SCC)** |
| LEHMAN BROTHERS HOLDINGS, INC.,<br><br>   Plaintiff,<br>   -against-<br><br>PMAC LENDING SERVICES, INC., individually and as successor by merger to PMC Bancorp, f/k/a Professional Mortgage Corp., and as successor by merger to Reliant Mortgage Company, LLC, and PMC BANCORP, f/k/a Professional Mortgage Corp., individually, and RELIANT MORTGAGE COMPANY, LLC, individually,<br><br>   Defendants. | Adv. Proc. No. 16-01353-SCC[1] |

**DEFENDANT PMC BANCORP'S AMENDED ANSWER AND AFFIRMATIVE**
**DEFENSES IN RESPONSE TO PLAINTIFF'S**
<u>**SECOND AMENDED ADVERSARY COMPLAINT**</u>

---

[1] Defendant denies any allegations contained in the headings and caption of LBHI's complaint.

Defendant PMC Bancorp ("PMC") hereby amends its Answer and Affirmative Defenses to the unverified Second Amended Adversary Complaint (the "Adversary Complaint") of Plaintiff Lehman Brothers Holdings Inc. ("LBHI" or "Plaintiff").

## NATURE OF ACTION

1. Paragraph 1 of the Adversary Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1.

2. Defendant denies the allegations contained in paragraph 2 of the Adversary Complaint. With regard to any representations and warranties made by LBHI to third party investors, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Adversary Complaint.

3. Paragraph 3 of the Adversary Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 3.

4. Paragraph 4 of the Adversary Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 4.

## PARTIES

5. Paragraph 5 does not contain any material allegations concerning Defendant and, on that basis, Defendant avers that no response is required. To the extent a response is required, Defendant admit that LBHI commenced a voluntary case under Chapter 11 of the Bankruptcy Code in 2008, but is otherwise without knowledge or information sufficient to form a belief as to

the truth or falsity of the remaining allegations contained in paragraph 5, and on that basis, denies them.

6.      Defendant admits the allegations contained in paragraph 6 of the Adversary Complaint.

7.      Paragraph 7 of the Adversary Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 7.

## JURISDICTION AND VENUE

8.      Paragraph 8 does not contain any material allegations concerning Defendant and, on that basis, Defendant avers that no response is required. To the extent a response is required, Defendant admits that this is an adversary proceeding under the Federal Rules of Bankruptcy Procedure 7001 and 7003.

9.      The jurisdictional allegations contained in paragraph 9 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies that this Court has subject matter jurisdiction over this matter.

10.     The jurisdictional allegations contained in paragraph 10 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies that venue is proper in this judicial district.

11.     The jurisdictional allegations contained in paragraph 11 state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant admits that this Court has personal jurisdiction and that Defendant is organized and does business in the United States. Defendant denies having information or knowledge sufficient to form a belief as to the truth of the allegations concerning "[a]t all relevant times".

## FACTUAL BACKGROUND

12. Defendant denies having information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12. Defendant denies having information or knowledge sufficient to form a belief as to the truth of the allegations concerning "[a]t all relevant times".

13. Defendant admits that it is engaged in the business of mortgage origination and the sale of mortgage loans on the secondary market. Defendant denies having information or knowledge sufficient to form a belief as to the truth of the allegations concerning "[a]t all relevant times".

### A.  The Governing Agreements

14. Defendant admits that a Loan Purchase Agreement ("LPA") was entered into between Defendant and LBHI's assignor, Lehman Brothers Bank ("LBB"). Defendant otherwise denies the allegations contained in paragraph 14.

15. Defendant admits that Exhibit A to the Adversary Complaint purports to identify LPAs and the dates of those agreements. To the extent the allegations of paragraph 15 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent they are inconsistent with the document.

16. To the extent the allegations of paragraph 16 seeks to paraphrase or characterize the contents of written documents, the documents speak for themselves and Defendant denies the allegations to the extent they are inconsistent with the documents.

17. To the extent the allegations of paragraph 17 seek to paraphrase or characterize the contents of written documents, the documents speak for themselves and Defendant denies the allegations to the extent they are inconsistent with the documents.

18. Paragraph 18 asserts a legal conclusion to which no response is required. To the extent the allegations of paragraph 18 seek to paraphrase or characterize the contents of written documents, the documents speak for themselves and Defendant denies the allegations to the extent they are inconsistent with the document.

19. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Adversary Complaint, and, on that basis, denies them.

20. Paragraph 20 asserts a legal conclusion to which no response is required. To the extent the allegations of paragraph 20 seek to paraphrase or characterize the contents of written documents, the documents speak for themselves and Defendant denies the allegations to the extent they are inconsistent with the document.

21. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Adversary Complaint, and, on that basis, denies them.

22. Paragraph 22 asserts a legal conclusion to which no response is required. To the extent the allegations of paragraph 22 seek to paraphrase or characterize the contents of written documents, the documents speak for themselves and Defendant denies the allegations to the extent they are inconsistent with the document.

**B. Defendants' Representations Under the LPAs**

23. Paragraph 23 asserts a legal conclusion to which no response is required. To the extent the allegations of paragraph 23 seek to paraphrase or characterize the contents of written documents, the documents speak for themselves and Defendant denies the allegations to the extent

they are inconsistent with the document. Paragraph 23 otherwise asserts a legal conclusion to which no response is required.

24. To the extent the allegations of paragraph 24 seek to paraphrase or characterize the contents of written documents, the documents speak for themselves and Defendant denies the allegations to the extent they are inconsistent with the document.

25. The allegations contained in paragraph 25 seek to paraphrase or characterize the contents of written documents, the documents speak for themselves and Defendant denies the allegations to the extent they are inconsistent with the document.

26. The allegations contained in paragraph 26 seek to paraphrase or characterize the contents of written documents, the documents speak for themselves and Defendant denies the allegations to the extent they are inconsistent with the document.

27. To the extent the allegations of paragraph 27 seek to paraphrase or characterize the contents of written documents, the documents speak for themselves and Defendant denies the allegations to the extent they are inconsistent with the document.

28. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Adversary Complaint, and, on that basis, denies them. To the extent the allegations of paragraph 28 seek to paraphrase or characterize the contents of written documents, the documents speak for themselves and Defendant denies the allegations to the extent they are inconsistent with the documents.

**C. Defendants' Indemnification Obligations Under the LPAs**

29. To the extent the allegations of paragraph 29 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations

to the extent they are inconsistent with the document. The allegations of paragraph 29 otherwise assert a legal conclusion to which no response is required.

### D. LBHI's Settlements with Fannie Mae and Freddie Mac

30. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Adversary Complaint, and, on that basis, denies them.

31. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Adversary Complaint, and, on that basis, denies them.

32. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Adversary Complaint, and, on that basis, denies them.

33. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Adversary Complaint, and, on that basis, denies them.

34. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Adversary Complaint, and, on that basis, denies them.

35. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Adversary Complaint, and, on that basis, denies them.

36. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Adversary Complaint, and, on that basis, denies them.

37. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Adversary Complaint, and, on that basis, denies them.

38. Defendant admits that Exhibit B identifies purported defects as to identified loans. Defendant admits that Exhibit C identifies a general description of defects identified in Exhibit B. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of the Adversary Complaint, and, on that basis, denies them.

39. Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 39.

### E. **Defendants' Obligations to Indemnify LBHI**

40. To the extent the allegations of paragraph 40 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent they are inconsistent with the document. The allegations of paragraph 40 otherwise assert a legal conclusion to which no response is required.

41. Defendant admits that LBHI demanded it indemnify LBHI and denies the remaining allegations to the extent they call for a legal conclusion to which no response is required.

42. Paragraph 42 contains legal conclusions to which no response is required.

43. Paragraph 43 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

44. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Adversary Complaint, and, on that basis, denies them.

### F. PMAC Lending's Liability for PMC Bancorp's Obligations and Liabilities

45. To the extent the allegations of paragraph 45 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent they are inconsistent with the document.

46. Defendant denies the allegations contained in paragraph 46.

47. Defendant denies the allegations contained in paragraph 47.

48. Defendant denies the allegations contained in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

#### (i) *PMC Bancorp Seeks to Escape Massive Contractual Exposure*

50. Defendant admits the allegations contained in paragraph 50.

51. Defendant denies the allegations contained in paragraph 51.

52. Defendant deny having information or knowledge sufficient to form a belief as to the truth of the allegations concerning "among others." Defendant otherwise admits the allegations contained in paragraph 52.

53. Defendant admits the allegations contained in paragraph 53.

54. Defendant admits the allegations contained in paragraph 54.

55. Defendant denies the allegations of paragraph 55.

56. Defendant admits the allegations of paragraph 56.

57. Defendant admits the allegations of paragraph 57.

58. Defendant denies the allegations of paragraph 58.

59. Defendant denies the allegations of paragraph 59.

60. Defendant denies the allegations of paragraph 60.

61. Defendant denies the allegations of paragraph 61.

62. Defendant denies the allegations of paragraph 62.

63. Defendant admits the allegations of paragraph 63.

*(ii)*   *PMC Bancorp-PMAC Lending Agreements Rendering PMAC Lending a Mere Continuation of PMC Bancorp and/or Giving Rise to a De Facto Merger Between the Two Entities*

64. Defendant admits that William Park was the CEO of PMAC Lending.

65. Defendant admits that William Park and Ryan Kim were appointed to PMAC's board of directors. Defendant denies the remainder of the allegations.

66. To the extent the allegations of paragraph 66 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent they are inconsistent with the document.

67. To the extent the allegations of paragraph 67 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent they are inconsistent with the document. Defendant otherwise denies the allegations contained in paragraph 67.

68. Defendant denies the allegations of paragraph 68.

69. Defendant denies the allegations of paragraph 69.

70. Defendant denies the allegations of paragraph 70.

71. Defendant admits that PMC Bancorp transferred servicing rights to PMAC but denies the remainder of the allegations of paragraph 71.

72. Defendant denies the allegations of paragraph 72.

73. Defendant denies the allegations of paragraph 73.

74. Defendant denies the allegations of paragraph 74.

*(iii)* ***The Re-making of PMAC Lending in PMC Bancorp's Image***

75. Defendant admits that certain PMC employees became employed by PMAC, but denies the remainder of the allegations of paragraph 75.

76. Defendant denies the allegations of paragraph 76.

77. Defendant admits the allegations of paragraph 77.

78. Defendant denies the allegations of paragraph 78.

79. Defendant denies the allegations of paragraph 79.

*(iv)* ***The Center Bank Loan***

80. Defendant admits the allegations of paragraph 80.

81. Defendant denies the allegations of paragraph 81.

82. Defendant admits the allegations of paragraph 82.

83. Defendant admits the allegations of paragraph 83.

84. To the extent the allegations of paragraph 84 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent they are inconsistent with the document.

*(v)* ***Unity of Ownership and Interests between PMC Bancorp and PMAC Lending Has Continued into the Present***

85. Defendant denies the allegations of paragraph 85.

86. Defendant denies the allegations of paragraph 86.

*(vi)* ***Status of PMC Bancorp and PMAC Lending***

87. Defendant admits that PMC Bancorp is no longer solvent, but denies the remainder of the allegations of paragraph 87.

88.  Defendant admits that William Park and PMAC Lending sold certain of PMAC Lending's assets to Finance of America.

89.  Defendant admits the allegations of paragraph 89 but denies the date of July 2016.

### G. PMAC Lending's Liability for Reliant's Obligations and Liabilities

90.  Paragraph 90 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 90.

91.  Defendant denies the allegations of paragraph 91.

## FIRST CLAIM FOR RELIEF

### (Contractual Indemnification)

92.  Defendant reincorporates their answers to LBHI's allegations set forth above as if fully set forth herein.

93.  Paragraph 93 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 93.

94.  Paragraph 94 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 94.

95.  Paragraph 95 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 95.

96.  Paragraph 96 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 96.

97.  Paragraph 97 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 97.

98.  Paragraph 98 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 98.

## PRAYER FOR RELIEF

LBHI's prayer for relief does not contain any allegations to which a response is required. To the extent a response is required, Defendant denies that LBHI is entitled to any of the relief sough in its prayer for relief and deny that LBHI is entitled to any relief whatsoever.

A. That LBHI's Adversary Complaint be dismissed with prejudice and judgment be entered in favor of Defendant;

B. That Defendant be awarded its reasonable costs and attorney's fees, to the extent available;

C. That Defendant be awarded such other and further relief as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Defendant PMC hereby demands a trial by jury on all claims that may be tried by jury.

## AFFIRMATIVE DEFENSES

Defendant alleges each of the following affirmative defenses to each and every cause of action asserted against it and to each of the acts and/or omissions with which Defendant is charged in the Adversary Complaint.  Defendant hereby alleges the following affirmative defenses without assuming the burden of proof for such where the burden of defense is not by law upon Defendant.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

1. The Adversary Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

2. Defendant is informed and believes, and thereon alleges, that the Adversary Complaint, and that each and every purported cause of action set forth therein, are barred by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

### (Res Judicata)

3. Defendant is informed and believes, and thereon alleges, that the Adversary Complaint, and that each and every purported cause of action set forth therein, are barred by the doctrine of res judicata.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4. Defendant is informed and believes, and thereon alleges, that the Adversary Complaint, and that each and every purported cause of action set forth therein, are barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5. Defendant is informed and believes, and thereon alleges, that the Adversary Complaint, and that each and every purported cause of action set forth therein, are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6. Defendant is informed and believes, and thereon alleges, that by virtue of the unlawful, careless, negligent, fraudulent, misrepresentative and/or wrongful conduct of Plaintiff, Plaintiff is barred from recovering against Defendant by the equitable doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

7. To the extent that Plaintiff suffered any damages, Plaintiff's recovery is barred or reduced, as such damages are uncertain or speculative so as to bar any recovery.

## EIGHTH AFFIRMATIVE DEFENSE

### (Uncertainty)

8. Plaintiff's Adversary Complaint, and each and every purported cause of action set forth therein, are barred because the claims purportedly asserted therein are uncertain.

## NINTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

9. Plaintiff's Adversary Complaint, and each and every purported cause of action set forth therein, are barred or reduced by Plaintiff's failure to take any and all reasonable and necessary actions to avoid or reduce damages, and any alleged damages must be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

10. Defendant alleges that Plaintiff would be unjustly enriched by recovering damages in this matter.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

11.  Plaintiff's Adversary Complaint, and all causes of action alleged therein, are barred by the applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Subject Matter Jurisdiction)

12.  Plaintiff's Adversary Complaint cannot establish subject matter jurisdiction, and thus Plaintiff is barred from recovery.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Performance)

13.  Plaintiff's Adversary Complaint, and all causes of action alleged therein, are barred, in whole or in part, because Defendant fully performed and satisfied its obligations under the contracts.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No Causation)

14.  Plaintiff's Adversary Complaint, and all causes of action alleged therein, are barred, in whole or in part, because the Adversary Complaint alleges no facts showing that any losses, damages, claims, or liability Plaintiff may have sustained was caused by Defendant's alleged breaches.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Third-Party Liability)

15.  Plaintiff's Adversary Complaint, and all causes of action alleged therein, are barred, in whole or in part, to the extent the actions that purportedly caused damage to Plaintiff were

performed by third parties over whom Defendant is not responsible and which Defendant has no control.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Reliance)

16. Plaintiff's Adversary Complaint, and all causes of action alleged therein, are barred, in whole or in part, because Plaintiff did not rely on the representations and warranties on which Plaintiff is suing, and to the extent Plaintiff relied on such representations and warranties, Plaintiff's reliance was not reasonable or justified.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Right to Raise Additional Defenses)

17. Defendant alleges that Plaintiff failed to describe the causes of action with sufficient particularity so as to enable Defendant to determine all of their legal, contractual, and equitable rights. As such, Defendant reserves the right to amend and/or supplement the averments of their Answer and Affirmative Defenses, and raise and assert all pertinent defenses ascertained through investigation, and after discovery has begun and additional facts and information become available.

Dated: June 3, 2019
    Los Angeles, California

Respectfully submitted,

By: ___/s/ Amjad M. Khan___

BROWN NERI SMITH & KHAN, LLP
11601 Wilshire Blvd., Ste. 2080
Los Angeles, CA 90025
T: (310) 593-9890
amjad@bnsklaw.com

*Attorneys for Defendant*,
PMC Bancorp

Dated: June 3, 2019
    Los Angeles, California

Respectfully submitted,

By:    /s/ Amjad M. Khan

BROWN NERI SMITH & KHAN, LLP
11601 Wilshire Blvd., Ste. 2080
Los Angeles, CA 90025
T: (310) 593-9890
amjad@bnsklaw.com

*Attorneys for Defendants*,
PMAC Lending Services, Inc and Reliant Mortgage Company, LLC